UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

3:09-Cr-39 & 3:12-Cv-232

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| JASON CAMPBELL, | ) | |
| | ) | |
| Defendant | ) | |

DEFENDANT JASON CAMPBELL moves to vacate his sentence pursuant to a 28 U.S.C. § 2255 (Doc. No. 636). Defendant asserts that his counsel was ineffective for not objecting to the application of a 21 U.S.C. § 851 enhancement on his sentence arising from a prior felony drug conviction. Defendant asserts that, based on Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)(en banc), his prior felony drug conviction no longer qualifies to enhance his sentence.

Additionally, the Federal Defender for Western North Carolina suggested in a Notice of Ineligibility for Reduction of Sentence (retroactive crack cocaine reduction) that, while the Defendant did not qualify for the crack reduction, he may qualify for a reduced sentence pursuant to United States v. Simmons. See Doc. No. 644.

Both the Defendant's and the Federal Defender's arguments are misplaced.

According to a Supplement to the Presentence Report (Doc. No. 678), the Government's section 851 notice had no bearing on the Defendant's sentence. Because the Defendant received a substantial assistance downward departure motion (pursuant to both U.S.S.G. §5K1.1 and 18 U.S.C.

§ 3553(e)), the Court was relieved from the section 851 enhanced mandatory minimum sentence and had the discretion to sentence the Defendant below the enhanced mandatory minimum sentence of twenty (20) years.[1] The Court then did in fact sentence the Defendant to 210 months, a sentence less than twenty (20) years.[2]

Because Defendant was not prejudiced by Counsel's failure to raise the issue of an enhanced mandatory minimum sentence, Defendant's motion to vacate his sentence is DENIED.

The Clerk of Court is directed to certify copies of this ORDER to the Defendant, the Federal Defender for Western North Carolina, and the United States Attorney.

IT IS SO ORDERED.

Signed: September 24, 2012

Frank D. Whitney
United States District Judge

---

[1] Defendant's unenhanced statutory mandatory minimum was ten (10) years. Even the ten (10) year statutory minimum had no impact on Defendant's sentence because the Government's substantial assistance motion under 18 U.S.C. § 3553(e) permitted the Court to sentence the Defendant to a sentence below ten years if the Court believed that was a sentence which was sufficient but not greater than necessary to accomplish the goals of sentencing.

[2] Before receiving benefit of the substantial assistance motion, Defendant faced an advisory guideline range of 360 months to life, a range substantially higher than the enhanced statutory minimum of twenty years. So the enhanced mandatory minimum sentence of twenty (20) years did not increase or in any way affect his guideline range.